UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20CV-00089-JHM

**BILLY BAIZE and**
**KELLY BAIZE**                                                      **PLAINTIFFS**

v.

**DAVID D. ENGLAND**                                     **DEFENDANT**
      Serve via Secretary of State:
      24 Seth Dunscomb Dr.
      Sullivan, IL 61951

And

**TRANSPORT SERVICES OF SULLIVAN IL, LLC**       **DEFENDANT**
      Serve via Secretary of State:
      Jon Charles England, Registered Agent
      3 Bradford Hills
      Sullivan, IL 61951

And

**PHIL MARTIN TRUCKING, LLC**                   **DEFENDANT**
      Serve Via Secretary of State:
      Phil Martin, Registered Agent
      1295 CR 1300E
      Sullivan, IL 61951

## AMENDED COMPLAINT

Plaintiffs, Billy Baize and Kelly Baize, state as follows for their amended complaint herein:

### PARTIES, VENUE, AND JURISDICTION

1. Plaintiffs, Billy Baize ("Billy") and Kelly Baize ("Kelly") were at all times relevant herein, and still are, residents of Daviess County, Kentucky.

2. To the best of Plaintiffs' knowledge and belief, defendant, David England



("England") is a resident of Sullivan, Illinois. Service to England is proper via the Kentucky Secretary of State pursuant to KRS 454.210.

3.  To the best of Plaintiffs' knowledge and belief, defendant, Transport Services of Sullivan IL, LLC, (TSS), is an Illinois limited liability company. TSS has appointed the following as its agent for service of process: Jon Charles England, 3 Bradford Hills, Sullivan, Illinois 61951. Service upon agent for service, Jon England, is proper and requested via the Kentucky Secretary of State pursuant to KRS 454.210.

4.  To the best of Plaintiffs' knowledge and belief, defendant, Phil Martin Trucking, LLC, (PMT), is an Illinois limited liability company. PMT has appointed the following as its agent for service of process: Phil Martin, 1295 CR 1300E, Sullivan, Illinois, 61951. Service upon agent for service, Phil Martin, is proper and requested via the Kentucky Secretary of State, pursuant to KRS 454.210.

5.  Venue is proper in this Court under 28 U.S.C.S. § 1391(a) as conduct which gave rise to this action occurred in Daviess County, Kentucky.

6.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.S. § 1332(a) as the Plaintiffs' amount in controversy, exclusive of interests and costs, exceeds $75,000.00, and the Plaintiffs are both citizen of a state different than each of the Defendants.

## ACTIONABLE OCCURENCE

7.  On, or about, July 29, 2019, a wreck occurred in Owensboro, Daviess County, Kentucky, on US 60 at its intersection KY603. The wreck involved two (2) vehicles. Defendant, England, operated his semi-tractor trailer in such a negligent and careless manner as to cause the vehicle he was driving to enter into the lane of travel of Plaintiff Billy, colliding his

vehicle with the vehicle driven by Plaintiff Billy. As a result, Plaintiff Billy suffered serious injuries and his wife, Kelly suffered loss of his companionship. It is believed defendant England was an employee of PMT and was in the course and scope of his employment with defendant PMT at the time of the wreck. It is further believed England and the Peterbilt tractor he was operating were contracted/leased to TSS at the time of the wreck and England was carrying out the purpose of the contract/lease at the time of the wreck.

### COUNT I - NEGLIGENCE OF DEFENDANT ENGLAND

8. Plaintiffs incorporates and realleges by reference all the material allegations contained in numerical paragraphs 1-7 above.

9. On, or about, July 29, 2019, defendant England had the duty to operate his vehicle in the same manner that an ordinarily prudent person would under the same or similar circumstances.

10. On, or about, July 29, 2019, defendant England negligently breached the aforementioned duty by failing to keep his vehicle under control, failing to warn others of his approach, by entering a lane which was not clear and overtaking Plaintiff Billy's lane, thereby negligently causing the collision with the Plaintiff Billy's vehicle.

11. Defendant England's negligence was a substantial factor in causing Plaintiff Billy to sustain serious and permanent injuries, thereby incurring the following damages: medical, hospital, rehabilitative, and expenses, plus such expenses incurred to the date of trial; future medical, hospital, rehabilitative expenses; property damage to his vehicle; past, present, future physical, mental, and emotional pain and suffering, mental anguish and inconvenience; and past, present and future wage loss and impairment of his capacity to labor and earn money.

SEE DEMANDS AT END OF ALL COUNTS.

## COUNT II – NEGLIGENCE *PER SE*

Plaintiffs incorporate and reallege by reference all the material allegations contained in numerical paragraphs 1-11 above.

12. At all times relevant hereto, KRS 189.290(1) stated, "[t]he operator of any vehicle upon a highway shall operate the vehicle in a careful manner, with regard for the safety and convenience of pedestrians and other vehicles upon the highway."

13. At all times relevant hereto, KRS 189.390(2) stated, "[a]n operator of a vehicle upon a highway shall not drive at a greater speed than is reasonable and prudent, having regard for the traffic and for the condition and use of the highway."

14. At all times relevant hereto KRS 189.340(1) states, "Vehicles overtaking other vehicles proceeding in the same direction shall pass to the left of them and shall not again drive to the right until reasonably clear of those vehicles."

15. At all times relevant hereto KRS 189.350(2) states, "in all cases of meeting, passing, or overtaking of vehicles such assistance shall be given by the operator and occupants of each vehicle, respectively, to the other as the circumstances reasonably demand, in order to obtain clearance and avoid accidents."

16. Defendant England violated KRS 189.290(1) by operating his vehicle with no regard for the safety of other vehicles upon the highway.

17. Defendant England violated KRS 189.390(2) by driving too fast for the road conditions, with no regard for the safety of other vehicles upon the highway.

18. Defendant England violated KRS 189.340(1) by overtaking Plaintiff's vehicle and not waiting until it was clear to change lanes.

19. Defendant England violated KRS 189.350(2) by not providing assistance to obtain clearance to avoid hitting Plaintiff's vehicle.

20. KRS 189.290(1), KRS 189.390(2), KRS 189.340(1) and KRS 189.350(2) are safety statutes enacted for the safety and benefit of motorists lawfully using Kentucky's highways.

21. Plaintiff Billy is a person within the scope of the protected class of persons contemplated by KRS 189.290(1), KRS 189.390(2), KRS 189.340(1) and KRS 189.350(2).

22. Defendant England's violations of KRS 189.290(1), KRS 189.390(2), KRS 189.340(1) and KRS 189.350(2) were substantial factors in causing of the collision and of Plaintiff Billy's resulting injuries and damages.

23. At all times relevant hereto, KRS 446.070 provided the following assurance regarding the application of safety statutes: "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

24. Defendant England's violations of KRS 189.290(1), KRS 189.390(2), KRS 189.340(1) and KRS 189.350(2) permit Plaintiffs to recover damages pursuant to KRS 446.070 that were caused as a result of defendant England's violations of said statutes.

25. Defendant England's negligence *per se* was a substantial factor in causing Plaintiff Billy to sustain serious and permanent injuries, thereby incurring the following damages: medical, hospital, rehabilitative, and expenses, plus such expenses incurred to the date of trial; future medical, hospital, rehabilitative expenses; and past, present, and future physical,

mental, property damage to his vehicle, and emotional pain and suffering, mental anguish and inconvenience.

SEE DEMANDS AT END OF ALL COUNTS.

## COUNT III – *RESPONDEAT SUPERIOR*
### (Vicarious Liability of TSS and/or PMT)

26. The allegations plead in numeric paragraphs one (1) through twenty-five (25) above are incorporated herein by reference thereto.

27. At all times relevant herein, defendant England was an employee, agent, or an independent contractor of Transport Services of Sullivan and was in the course and scope of his duties as such.

28. At all time relevant herein, defendant England was an employee, agent, or an independent contractor of Phil Martin Trucking LLC, and was in the course and scope of his duties as such.

29. Transport Services of Sullivan IL, LLC and/or Phil Martin Trucking, LLC, is/are vicariously liable to Plaintiff Billy for defendant England's negligence and negligence *per se* complained of herein pursuant to the doctrine of *respondeat superior*.

SEE DEMANDS AT END OF ALL COUNTS.

## COUNT IV – LOSS OF CONSORTIUM

30. Plaintiffs incorporate and reallege by reference all the material allegations contained in numerical paragraphs 1-29 above.

31. As a direct and proximate result of the negligence of Defendant England as set forth herein, Plaintiff Kelly has suffered, and will continue in the future to suffer, damages

including, but not limited to, loss of consortium, services, care, comfort, income, assistance, and companionship of her husband, all in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court.

SEE DEMANDS AT END OF ALL COUNTS.

**WHEREFORE**, Plaintiffs, Billy Baize and Kelly Baize demand judgment, jointly and severally, against defendants, David D. England, Transport Services of Sullivan IL, LLC, and Phil Martin Trucking, LLC, as follows:

   a. An amount of general and special damages in excess of the minimum jurisdictional amount that are fair and reasonable as established by the evidence;

   b. An amount to compensate them for their property damage incurred herein;

   c. Any relevant civil penalties;

   d. Their costs expended herein;

   e. A reasonable attorney fee;

   f. Pre-judgment and post-judgment interest;

   g. A jury trial on all issues so triable; and

   h. Any and all other relief to which they may appear entitled.

Respectfully submitted,

/s/ Travis L. Holtrey
Travis L. Holtrey
FOREMAN • WATSON • HOLTREY, LLP
530 Frederica Street
Owensboro, Kentucky 42301
tholtrey@fwhlegal.com
(270) 689-2412-Telephone
(270) 689-2335- Facsimile
*Counsel for Plaintiffs*